## UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

Civil Action No. _____

ITAANDEHUI CORONA,

     Plaintiff,

vs.

JOHNSON MARK, LLC,

      Defendant.

---

## COMPLAINT

---

     Plaintiff Itaandehui Corona ("Plaintiff") files this Complaint against Defendant Johnson Mark, LLC, ("Defendant") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA''), and in support thereof, states as follows:

### INTRODUCTION

     1.     The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to personal bankruptcies, marital instability, the loss of jobs, and invasions of individual privacy. Congress wrote the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

     2.     Plaintiff, by her attorneys, brings this action to challenge the actions of Defendant with regard to its attempts to unlawfully and abusively collect a debt alleged owed by Plaintiff, which conduct caused Plaintiff actual damages, including out-of-pocket damages and severe

emotional distress.

3.      Plaintiff makes these allegations on information and belief, except for those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4.      While the Complaint describes violations with specificity below, this Complaint alleges violations of the FDCPA in its entirety.

5.      Unless otherwise stated, all the conduct engaged in by Defendant took place in Colorado.

6.      Any violation by Defendant was knowing, willful, and intentional, and Defendant did not maintain reasonable procedures adapted to avoid any such violation.

7.      Unless otherwise indicated, the use of Defendant's name in this Complaint includes all its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION & VENUE

8.      This case arises out of Defendant's numerous and egregious violations of the FDCPA, 15 U.S.C. § 1692, *et seq*. Subject matter jurisdiction of this Court exists under 28 U.S.C. § 1331.

9.      Personal jurisdiction is established because Defendant conducts business within the state of Colorado.

10.     Venue is proper pursuant to 28 U.S.C. § 1391(b) for the following reasons: (i) Plaintiff resides in Longmont, Colorado, wherein this judicial district lies; (ii) the conduct complained of herein occurred within this judicial district; and (iii) at all times relevant, Defendant conducted business within this judicial district.

## **PARTIES**

11.     Plaintiff is a natural person who resides in Longmont, Colorado.

12.     Defendant is, and at all times mentioned herein was, a corporation registered and formed under the laws of the State of Utah with a primary place of business and/or headquarters is located at 4246 S Riverboat Road, Suite 100, Salt Lake City, Utah 84123. Plaintiff further alleges that, at all times relevant, Defendant conducted business within the state of Colorado and in this Judicial District.

13.     Defendant's registered agent for service of process as it was reported to the Colorado Secretary of State is as follows: Incorp Services, Inc. at 36 South 18th Avenue, Suite D, Brighton, Colorado 80601.

## **FACTUAL ALLEGATIONS**

14.     Sometime prior to June 2021, Plaintiff is alleged to have incurred a debt with an original creditor, Capital One Bank (USA), N.A. ("Capital One" or "original creditor"), in the amount of $1,701.57 (the "Debt").

15.     Sometime thereafter but prior to June 2021, Plaintiff allegedly fell behind on the payments owed on the Debt, and the Debt was sold from Capital One Bank (USA), N.A., to Midland Credit Management, Inc. ("MCM" or "current creditor") for collection. Thereafter, Defendant began contacting Plaintiff in an attempt to collect upon the Debt on behalf of MCM.

16.     On or around June 4, 2021, Defendant sent Plaintiff a letter via mail notifying Plaintiff of the change in account ownership and attempting to collect the Debt from Plaintiff.

17.     The collection letter listed a Capital One Bank account number ending in 6636 as associated with the Debt.

18.     Concerned by Defendant's June 4, 2021 collection letter, on or around June 17,

2021, Plaintiff sent Defendant a letter via fax disputing the Debt, demanding validation, verification, and proof of the Debt which Defendant claimed was owed by Plaintiff (the "First Dispute"), which was confirmed to be received by Defendant.

19.     On or around June 18, 2021, Defendant provided a response to Plaintiff's First Dispute wherein Defendant stated "Per request, and in compliance with 15 U.S.C. § 1692g(b), we are providing verification of the debt in question." The letter listed the Capital One Bank account number ending in 6636 as associated with the Debt, with a balance of $1,701.57.

20.     Defendant, however, also included an account statement associated with a "Cabela's Club Visa" account number ending in 6208 for a payment period of May 29, 2018 through June 28, 2018 and a balance of $1,187.96. Defendant did not enclose or otherwise provide Plaintiff proof of the Debt or Defendant's standing to collect on the Debt.

21.     Confused by the differences in account number, amount alleged, and original creditors, Plaintiff sent Defendant another letter via fax disputing the Debt, demanding validation, verification, and proof of the Debt which Defendant claimed was owed by Plaintiff (the "Second Dispute"), which was confirmed to be received by Defendant.

22.     On or around September 9, 2021, Defendant provided a response to Plaintiff's Second Dispute which was identical to the response Defendant previously sent on June 18, 2021. Defendant again included the same account statement associated with a "Cabela's Club Visa" account number ending in 6208 for a payment period of May 29, 2018 through June 28, 2018 and a balance of $1,187.96.

23.     Upon information and belief, Defendant was trying to collect on an account that did not belong to Plaintiff and/or falsely represented the character, amount, or legal status of the Debt allegedly owed by Plaintiff.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

### COUNT I
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)
### 15 U.S.C. §§ 1692, et seq.

24.     Plaintiff repeats, re-alleges, and incorporates by reference, all above paragraphs of the Complaint as though fully stated herein.

25.     The purpose of the collection letters was to cause confusion, fear, anxiety, and embarrassment in Plaintiff; to induce Plaintiff to make payments to Defendant; and to collect on an alleged Debt that Defendant cannot legally pursue.

26.     The false statements did in fact cause Plaintiff to suffer embarrassment, fear, and anxiety, which Plaintiff would not have experienced but for the false statements and representations made in the collection letters.

27.     As a party who was allegedly obligated to pay a debt, Plaintiff is a "consumer," as that term is defined by 15 U.S.C. § 1692a(3).

28.     Defendant, in the ordinary course of business, regularly, on behalf of itself or others, collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another party, MCM, and is a "debt collector," as that term is defined by 15 U.S.C. § 1692a(6).

29.     This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reasons of a consumer credit transaction. As such, this action arises out a "debt," as that term is defined by 15 U.S.C. § 1692a(5).

30.     Defendant's collection letters to Plaintiff constitute a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

31.     Through the above conduct, Defendant violated 15 U.S.C. § 1692d by engaging

in conduct, the natural consequence of which was to harass, oppress or abuse Plaintiff by continuing collection activities without providing Plaintiff with validation, verification, and/or proof of the Debt and in complete disregard to Plaintiff's Dispute.

32.     Through the above conduct, Defendant violated 15 U.S.C §§ 1692e, 1692e(2), 1692e(10) by continuing with attempts to collect upon the alleged debt from Plaintiff using false, deceptive, and misleading information in connection with the Debt.

33.     As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages, pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing and willful violation in an amount up to $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k(a)(3). from Defendant.

## DEMAND FOR JURY TRIAL

34.     Please take notice that Plaintiff hereby demands a trial by jury in this action.

//

//

//

//

//

//

//

//

//

//

//

*Complaint and Demand for Jury Trial*
PAGE 6 OF 7

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant, as follows:

- Finding that Defendant's conduct violated 15 U.S.C. §§ 1692, et seq. and an award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant.

- Granting an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant.

- Granting an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant.

- Awarding any and all other relief that this Court deems just and proper.

Dated: June 1, 2022                    Respectfully submitted,


**KAZEROUNI LAW GROUP, APC**

By: /s/ Amy L.B. Ginsburg
Amy L.B. Ginsburg, Esq.
amy@kazlg.com
245 Fischer Avenue, Suite D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Fax: (800) 520-5523

1012 N. Bethlehem Pike
Suite 103, Box #9
Ambler, PA 19002

*Attorneys for Plaintiff*